UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Loc Minh NGUYEN,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>                         Respondents. | Case No.: 25-cv-2441-AGS-MMP<br><br>**ORDER GRANTING MOTION TO APPOINT COUNSEL (ECF 6)** |

      Petitioner Loc Minh Nguyen requests appointed counsel in support of his habeas corpus petition. (*See* ECF 6); *see also* 28 U.S.C. § 2241 (habeas corpus). Courts may appoint an attorney for an "impoverished habeas petitioner" when "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). In this assessment, courts evaluate a petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**A.    Financial Eligibility**

      As a threshold matter, the government challenges whether Nguyen "has demonstrated that he is financially eligible to receive Court-appointed legal representation." (ECF 8, at 2.) But Nguyen asserts that he "do[es] not have any savings," "cannot make money while in immigration detention," and "do[es] not think that [he] can afford a lawyer." (ECF 6, at 12.) He also has "no assets" and "no property," and his "car was impounded" while in custody. (ECF 11-1, at 1.) So Nguyen sufficiently alleges that he cannot afford counsel.

**B.    Likelihood of Success**

      Nguyen has also established a sufficient likelihood of success to warrant appointing legal representation. According to Nguyen, in 1979 he "came to the United States" from Vietnam and "got a green card." (ECF 6-1, at 2.) After a "felony theft" conviction "around

1

1994," he lost his immigration status and an immigration judge "ordered [him] removed" in "2001." (ECF 6, at 12.) He was "detained for about 16 months," but then Immigration and Customs Enforcement "released" him "because ICE could not remove [him]" to Vietnam. (*Id.*)

Although ICE previously released Nguyen, it may "revoke [his] release" and "return [him] to custody if, on account of changed circumstances," ICE "determines that there is a significant likelihood" that he "may be removed in the reasonably foreseeable future." *See* 8 C.F.R. § 241.13(i)(2). In fact, on "June 4, 2025," ICE allegedly detained Nguyen again. (ECF 6, at 12.) Yet Nguyen argues that the government will run into the same stumbling block as before because "Vietnam has a longstanding policy of not accepting pre-1995 Vietnamese immigrants for deportation." (*Id.* at 3.)

He notes that a 2008 "repatriation treaty" between the United States and Vietnam "exempted pre-1995 Vietnamese immigrants." (*Id.*) And despite a 2020 agreement that "created a process for removing pre-1995 Vietnamese immigrants," only "four immigrants who came to the U.S. before 1995 were given travel documents and deported" "between September 2021 and September 2023." (*Id.* at 3–4.) What's more, ICE previously detained Nguyen for "for about 16 months" and has detained him for more than 130 days in his most recent detention. (ECF 6, at 12.) Collectively, that far exceeds the "*six-month* presumptively reasonable" "post-removal[-order]" "detention period." *See Kim Ho Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001) (quotations omitted).

The government disputes Nguyen's likelihood of success on the merits, asserting that (1) the government is engaging in "diligent efforts" "to prepare a travel document package to send to the Vietnamese embassy" and (2) the six-month period is not "aggregated," but rather resets with each detention. (ECF 8, at 2–3.) Neither point is persuasive.

As to the first argument, courts seem to have universally rejected the notion that mere "diligent efforts" "to prepare a travel document" (*id.*) suffice to show a significant likelihood of removal in the reasonably foreseeable future. *See, e.g.*, *Hoac v. Becerra*, No.

2

2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("The fact that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future."); *Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *2, *4 (S.D. Cal. Sept. 30, 2025) (ruling that petitioner is likely to succeed on the merits of the habeas petition under § 241.13(i) when respondents were "*preparing* to apply for the necessary documents to remove Petitioner"); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (rejecting respondents' argument under § 241.13 when ICE was "currently processing a travel document for [petitioner] to return to Vietnam").

As for the government's second point, district courts appear to have unanimously "held that the six-month period does not reset when the government detains an alien under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." *Sied v. Nielsen*, No. 17-CV-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (collecting cases). So Nguyen has adequately alleged that the government will again be unable to remove him in the "reasonably foreseeable future" and that he's been detained after the presumptively reasonable post-removal-order six-month period. *See* 8 C.F.R. § 241.13(i); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (holding that any interpretation of the relevant detention statute—8 U.S.C. § 1231—that would permit "indefinite detention of an alien would raise a serious constitutional problem").

### C.    Complexity of the Legal Issues

The final attorney-appointment consideration—the complexity of the legal issues—similarly points in favor of appointing an attorney. The parties here must interpret intricate statutes, grapple with indefinite-detention-related common law, and navigate agency regulations. *See, e.g.*, 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 690; 8 C.F.R. § 241.13(i). This undertaking is entirely within the immigration legal context, which has been deemed "second only to the Internal Revenue Code in complexity." *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002) (quotations omitted); *see also Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020) ("Divining [the immigration laws'] meaning is

ordinarily not for the faint of heart."). Given Nguyen has "no legal education or training" and "cannot use the internet without restriction" to research or address the government's legal arguments (ECF 6, at 12), he has adequately shown that he cannot "articulate his claims" without a lawyer, *see Wilborn*, 789 F.2d at 1331.

Respondents' arguments to the contrary miss the mark. They suggest that the operative "question is . . . whether denial of Petitioner's motion would amount to a denial of due process." (ECF 8, at 3.) True, "counsel *must* be appointed to represent indigent defendants in [habeas] proceedings when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (emphasis added). But that's not the only circumstance in which the Court may appoint counsel. In addressing the related question of whether the court *can* appoint counsel, the Ninth Circuit has been clear: "In the absence of such circumstances [mandating appointment], a request for counsel in [habeas] proceedings . . . is addressed to the sound discretion of the trial court." *Id.* Considering that the "complex provisions of the [Immigration and Nationality Act] have provoked comparisons to a morass, a Gordian knot, and King Minos's labyrinth in ancient Crete," *Torres*, 976 F.3d at 923 (cleaned up), this Court will appoint counsel. Other courts in this district have done the same under similar circumstances. *See, e.g.*, *Phan v. Warden*, Case No. 25-cv-2369-AJB, ECF 5, ECF 8 (S.D. Cal. Sept. 25, 2025) (appointing counsel for a habeas petitioner in the immigration context whose claims implicated 8 U.S.C. § 1231(a)(6), *Zadvydas*, and 8 C.F.R. § 241.13(i)); *Rebenok v. Noem*, Case No. 25-cv-2171-TWR, ECF 6 (S.D. Cal. Sept. 19, 2025) (same).

## CONCLUSION

Nguyen's attorney-appointment request is **GRANTED**. Federal Defenders of San Diego, Inc., is appointed to represent Nguyen, given that organization's expressed willingness to represent him in this matter. (*See generally* ECF 6.)

By **October 31, 2025**, respondents must return or answer Nguyen's petition. Any reply or traverse is due by **November 7, 2025**.

4

1  Dated: October 21, 2025

_____
Hon. Andrew G. Schopler
United States District Judge